UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 95-00728-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ERROL SAWYER,

    Defendant.
_____/

### ORDER DENYING MOTION TO REDUCE SENTENCE

**THIS CAUSE** is before the court upon the defendant's motion to reduce sentence [DE # 182], the court's subsequent order [DE # 186], the government's response [DE # 184] and the report of the Probation Office.

18 U.S.C. § 3582(c)(2) allows the court to grant a defendant's motion to reduce sentence only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Amendments 706 and 713 to the Sentencing Guidelines made retroactive changes to § 2D1.1 of the guidelines. Because the defendant was determined at sentencing to be a "career offender" as that term is defined in § 4B1.1, the guideline imprisonment range calculated at the original sentencing was based on the offense level provided by § 4B1.1, not § 2D1.1. Thus, the guideline imprisonment range applicable to the defendant in this case has not been lowered by the Sentencing Commission, and a reduction in sentence is not authorized by § 3582(c)(2).

The policy statement contained in recently-amended § 1B1.10(a)(2)(B) of the guidelines

Order Denying Motion to Reduce Sentence
U.S. v. Sawyer
Case No. 95-00728-CR-HURLEY/VITUNAC

confirms this conclusion: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if [a retroactively-applied amendment] does not have the effect of lowering the defendant's applicable guideline range." Because the recent amendments to § 2D1.1 do not change the offense level used to calculate the defendant's guideline range, no reduction in sentence pursuant to § 3582(c)(2) is appropriate.

In short, because the defendant was sentenced as a career offender, Amendments 706 and 713 do not change the defendant's guideline sentence range. Accordingly, it is **ORDERED** and **ADJUDGED** that:

1. Defendant's motion to reduce sentence [DE # 182] is **DENIED**.

2. The defendant is advised that a notice of appeal, if any, must be filed within **TEN (10) DAYS** of entry of this order on the court's docket. If the defendant cannot afford to retain counsel on appeal, and wishes to appeal this order, the court will maintain the appointment of the Office of the Federal Public Defender to represent the defendant on appeal.

**DONE** and **ORDERED** in Chambers in West Palm Beach, Florida, this _13th_ day of March, 2008.

Daniel T. K. Hurley
U.S. District Judge

*Copies to:*
Federal Public Defender
United States Probation Office
United States Attorney's Office